ORDER

Christine Timmon, a Michigan citizen, appeals pro se the district court’s award of summary judgment for defendants in an action she filed alleging violations of her civil rights under 42 U.S.C. § 1983, criminal violations of 18 U.S.C. §§ 241-42, and violations of the Michigan Open Meetings Act, Mich. Comp. Laws §§ 15.261-275. This case has been referred to a panel of the court pursuant to Sixth Circuit Rule 34(j)(l). Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).
Timmon filed two complaints, which the district court consolidated. In the first, she sued two members of the Lansing City Council for ten million dollars, and in the second, she sued two other members of the city council for twenty million dollars. The underlying basis for Timmon’s claims is her contention that the council members unjustly reprimanded her for making personally abusive attacks against others during her comments at city council meetings. Timmon maintains that these reprimands violated her First Amendment rights, and also the Fourteenth Amendment’s Equal Protection Clause. The parties submitted cross-motions for summary judgment, which were accompanied by videotapes of *365 city council meetings. After reviewing the evidence, including videotapes of the relevant city council meetings, the district court denied Timmon’s motion and granted the defendants’ motions.
Upon de novo review, we conclude that we must affirm the summary judgment for the defendants on Timmon’s equal protection claim because she has not identified a similarly situated individual of a different race or sex who was treated differently. Similarly, we conclude that defendants were entitled to summary judgment on Timmon’s claim premised on 18 U.S.C. §§ 241 and 242, as these criminal statutes do not provide a civil cause of action. And because Timmon fails to demonstrate how defendants violated the Michigan Open Meetings Act, we must affirm summary judgment for the defendants on this claim as well.
We are not convinced, however, that defendants were entitled to summary judgment on Timmon’s First Amendment claims. Courts apply a “forum analysis” to determine whether a limitation on speech is permissible under the First Amendment. Tucker v. City of Fairfield, 398 F.3d 457, 463 (6th Cir.2005). When the government designates a particular forum for speech, as is the case for Lansing City Council meetings, it may apply restrictions to the time, place, and manner of speech so long as those restrictions are “are content-neutral, are narrowly tailored to serve a significant government interest, and leave open ample alternative channels of communications.” Jobe v. City of Cat-lettsburg, 409 F.3d 261, 266 (6th Cir.2005) (quoting Perry Educ. Ass’n v. Perry Local Educators’ Ass’n, 460 U.S. 37, 45, 103 S.Ct. 948, 74 L.Ed.2d 794 (1983)). “In this context, ‘the requirement of narrow tailoring is satisfied so long as the ... regulation promotes a substantial government interest that would be achieved less effectively absent the regulation,’ and does not ‘burden substantially more speech than is necessary to further the government’s legitimate interests.’” Tucker, 398 F.3d at 463 (quoting Ward v. Rock Against Racism, 491 U.S. 781, 799, 109 S.Ct. 2746, 105 L.Ed.2d 661 (1989)). Also, the regulation’s defender, not the challenger, bears the burden on the issue of narrow tailoring. Horton v. City of Houston, 179 F.3d 188, 194 (5th Cir.1999).
Here, the district court concluded that Lansing City Council’s Rule 19 — the council’s prohibition on personal attacks — was a content-neutral restriction. Although we are uncertain whether this conclusion is accurate, we assume it to be correct for purposes of this appeal. Ultimately, we conclude that even if Rule 19, as applied, is a content-neutral speech regulation, it is not narrowly tailored.
As recited by the district court, the text of Rule 19 prohibits “slanderous or profane remark[s] which disturb[ ], disrupt[ ] or otherwise impede[ ] the orderly conduct of any Council meeting.” Dist. Ct. Op. at 3, 2006 WL 2033903. It similarly prohibits “disorderly conduct, including the utterance of threatening or abusive language.” Id. The videotapes of the relevant Lansing City Council meetings reveal that, as applied to Timmon, Rule 19 forbade her from engaging in what city council members called “personally abusive attacks.” These so-called “personally abusive attacks” include (1) accusing the City Clerk of violating the Michigan Constitution by referring to his companion as his husband at a state-sponsored event; (2) calling a council member a “cheater” based on allegations that she remained at the polls longer than permitted on the day of her election; (3) labeling a former Lansing police officer “old school”; and (4) disagreeing with that police officer’s comments by stating that he “needs to stay home” rather than voice his opinions at city council meetings. *366 Each of these statements addressed the subject’s behavior at a public function.
The legitimate government interest justifying Rule 19 is the preservation of order in city council meetings to ensure that the meetings can be efficiently conducted. Applying Rule 19 to prohibit the purported “attacks” uttered by Timmon, however, appears to burden substantially more speech than necessary to achieve this interest. At minimum, the videotape of Timmon’s statement at the September 12, 2005 meeting and the transcript of the January 2006 meeting set forth in the district court’s opinion create a genuine issue of material fact regarding narrow tailoring. After viewing the tape and reading the district court’s recitation of the transcript, we are convinced that a reasonable jury could reject the notion that invoking Rule 19 against Timmon’s comments served the city council’s interest in ensuring order. Further, a reasonable jury could conclude that applying Rule 19 against Timmon burdened more speech than is necessary to serve such a goal. See Horton, 179 F.3d at 196 (reversing district court’s grant of summary judgment in First Amendment case because genuine issues of material fact existed regarding narrow tailoring).
Accordingly, we reverse the district court’s grant of summary judgment to defendants on Timmon’s § 1983 claim alleging a violation of the First Amendment, and remand for further proceedings consistent with this order.